**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Joseph Steen, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Portfolio Recovery Associates, L.L.C.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Joseph Steen, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Joseph Steen ("Plaintiff"), is an adult individual residing in Randolph, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a Delaware business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Portfolio Engages in Harassment and Abusive Tactics

12.      Plaintiff received a 30-Day Validation notice from Portfolio concerning his father's debt.

13.      Plaintiff informed Portfolio that he was not the debtor.

14.     Portfolio provided Plaintiff with the Social Security Number (SSN) connected to the Debt.

15.     Plaintiff confirmed that the SSN belonged to his father.

16.     Portfolio apologized to Plaintiff and stated that Portfolio would correct its records.

17.     However, Portfolio began placing calls to Plaintiff in an attempt to collect the Debt.

18.     Plaintiff repeated that he was not the debtor and requested that Portfolio consult its records.

19.     Portfolio, however, continued to call Plaintiff.

20.     In January, 2012, Plaintiff received a call from Felicia Robinson, a representative of Portfolio.

21.     Ms. Robinson said to Plaintiff: "If you had paid your bills in the first place, we wouldn't be here now."

22.     Ms. Robinson called Plaintiff a "liar" and threatened to keep calling Plaintiff.

**C.  Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.


## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

34.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls

35.     The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

37.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5.  Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 2, 2012

Respectfully submitted,

By _/s/ Sergei Lemberg_____

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff